JERRY GREEN v. THE STATE.

No. 3839.   Decided May 13, 1908.

**Local Option—Impeaching Witness.**

Where upon trial of a violation of the local option law, the defense was prevented from laying the predicate for the impeachment of a State's witness on material testimony, the same was reversible error.

Appeal from the County Court of Brown.   Tried below before the Hon. A. M. Brumfield.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Harrison & Wayman*, for appellant.—On question of impeaching witness: Bennett v. State, 28 Texas Crim. App., 539; Randell v. State, 49 Texas Crim. Rep., 261; 90 S. W. Rep., 1012; 7 Enc. of Evi., 86.

F. J. *McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for violating the local option law.

A bill of exceptions shows the following proceedings and matters. The State's witness Willis being on the stand, the defendant propounded to him the following question, to wit: "Is it not a fact that you had a conversation with J. O. B. Smith just after Christmas at your residence in Brownwood, Texas, in which you told him that you were in a bad position because of this court business, and that if they put a direct question to him, meaning Smith, and referring to local option cases (you knowing at the time that Smith was a witness with you for the State in a number of said cases), you answer yes or no—I have put myself in a position in these cases to go to the penitentiary." To which question said witness Willis, if permitted to answer, would have answered, no. Appellant could have proved by Smith, who was in attendance on the court, that he did make such statement at the time and place mentioned, if he had been permitted to have done so by the court. The object of introducing this testimony was to impeach the witness Willis, and have said evidence before the jury as affecting his credibility. The objection by the county attorney was that this testimony was irrelevant and immaterial, and the court sustained him. We are of opinion, upon another trial, this testimony should be admitted. We think it was within the rule admitting impeaching testimony.

The jury question will not arise upon another trial; it is, therefore, not discussed.

For the error indicated, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*